HON. CALEB BALDWIN, CHIEF JUSTICE.
" GEORGE G. WRIGHT, JUDGE.

## STIVERS v. THOMPSON.

1. SETTING ASIDE DEFAULT IN JUSTICE'S COURT. The appellate court will not interfere with an order made by a justice of the peace, setting aside a default, if made within the time prescribed by law, and without a clear abuse of the discretion exercised.

2. MOTION TO SET ASIDE DEFAULT. The law does not contemplate notice to the opposite party, of a motion to set aside a default in a justice's court. When it is set aside and a new trial is granted, notice of the trial is necessary. (Rev. 1860, § 3887.)

3. COSTS AFTER DEFAULT. Upon setting aside a default, the court will make such order in reference to costs as shall seem equitable.

VOL. XV.—1

*Appeal from Tama District Court.*

FRIDAY, JUNE 5.

ACTION before a justice of the peace. On the 13th day of November, the day of trial, a default was taken and judgment rendered for the plaintiff. On the 18th day of the same month the defendant filed a motion to set aside the default, which was on the same day sustained and a new trial ordered. The plaintiff removed the cause by writ of error, to the District Court. The order of the court below was affirmed by the District Court and the cause was remanded for a new trial. From this order of the District Court the plaintiff appeals.

*William H. Stivers, pro se.*

*G. R. Struble* for the appellee.

WRIGHT, J.—Judgment in favor of plaintiff, before a justice of the peace, which was set aside on defendant's motion; and to reverse this order plaintiff prosecuted his writ of error to the District Court.

The errors complained of in the affidavit for the writ are:

*First.* That the justice erred in setting aside the judgment by default. The law is, that the justice may set aside such a judgment within six days after being rendered, if a satisfactory excuse for the default is shown. Very much is necessarily left to the discretion of the justice, in judging of such satisfactory excuse. Unless it has been clearly abused, there should be no interference with its exercise. In this case, the affidavit shows that the defendant was at the office of the justice, by his attorney, before the expiration of the hour contemplated by § 3867 of the Revision; that the justice was not there; that he appeared again within the hour, according to the standard of time in the town

where the justice resided, but five minutes too late accord-
ing to the magistrate's time; and there is a showing of
merits. This showing is not contradicted by the magis-
trate's return nor otherwise. There was most clearly no
abuse of discretion in setting aside the default and judg-
ment.

*Second.* As to the second error, it is sufficient to say, that
the law does not contemplate a notice to the opposite party
of the motion to set aside a default. After the order is
made, setting it aside, a new day is fixed for the trial and
notice of that is to be given. (§ 3887, Rev. of 1860.)

*Third.* It is said, in the third place, that no order was
made by the justice as to additional costs. The order was
that the default be set aside at the costs of defendant. The
statute is that such order shall be made in relation to the
additional costs as the justice shall deem equitable. (§ 3889.)
What more equitable rule appellant could ask than the
one made by the justice, we are at a loss to conceive.

Affirmed.