## PARK v. RATCLIFFE.

1. **Judgment**: PRACTICE: DEFAULT. Where the defendant in an action before a justice of the peace has applied for and obtained a change of venue before the notice is returnable, but fails to plead or to appear at the trial, judgment by default may be entered against him.

2. ———: ———: ———. No notice of an application to set aside a judgment by default is required to be given.

3. ———: WHEN JUDGMENT MAY BE SET ASIDE. An appeal from the judgment in a justice's court may be withdrawn and an application to set aside the judgment be made within the time fixed by statute for making such application, provided the appeal has not been perfected or the transcript sent up.

4. ———: ———: DISCRETION. The Supreme Court will not interfere with the action of a justice of the peace in granting an application to set aside a judgment, unless an abuse of discretion is shown.

*Appeal from Van Buren Circuit Court.*

MONDAY, DECEMBER 13.

THIS is an appeal from the judgment of the Circuit Court affirming a judgment or order of a justice of the peace setting aside a judgment by default. The case was brought before the Circuit Court upon writ of error.

Upon a proper certificate of the judge of the Circuit Court, the plaintiff appeals to this court. The facts appear in the opinion.

*D. C. Beaman,* for appellant.

An appearance in court for any purpose except to question its jurisdiction, although made before time for answer, is nevertheless a full appearance. (*Clark v. Blackwell,* 4 G. Greene, 441; *Levi v. Monroe,* 11 Iowa, 453.) Where defendant is in default, not for want of an appearance but for want of an answer, the justice has no power to set aside the judgment rendered. (*Rhodes v. DeBow,* 5 Iowa, 260.) The fact that he does not appear at the trial does not constitute a default which the justice may remedy by setting aside the judgment. (*Douglass v. Langdon,* 29 Iowa, 246.) Applications to set aside defaults entered in consequence of the negligence of the party or his attorney should not be favored. (*Bolander v. Atwell,* 14 Iowa, 36; *Smith v. Watson,* 28 Id., 218; *McDonald v. Donahue,* 30 Id., 568.)

*Work & Lea,* for appellee.

The justice may set aside a default in the exercise of his discretion, when a satisfactory excuse is shown; and nothing in the statute requires the showing to be in writing. (*Stivers v. Thompson,* 15 Iowa, 1.) Notice to the plaintiff of a motion to set aside a judgment by default is not necessary. (Id.)

MILLER, CH. J.—On the 13th day of February, 1874, the plaintiff commenced an action against the defendant, before

A. S. Camblin, Esq., a justice of the peace, to recover for stone taken by defendant from plaintiff's premises.

On the 20th day of the same month, being the day prior to the return day of the notice, defendant, by his attorneys, appeared and made application for a change of venue on the ground of prejudice on part of the justice, and stating that the like objection applied also to Justice Walker, who was the next nearest justice in the same township. On the 21st (next day), the plaintiff and his attorney appeared; the defendant did not, and the justice sustained the application for change of venue, and by consent of plaintiff sent the cause to Truman Bacon, Esq., the third justice in the same township, who, on receipt of the papers, made the proper entries in his docket on the same day, and the plaintiff and his attorney then demanding a trial, the case was tried and judgment rendered for plaintiff in the absence of the defendant, and without any answer or defense being made or filed on his behalf.

Two days after the rendition of the judgment the defendant applied for an appeal and filed a proper bond with the justice, and on the next day, being the 24th day of February, 1874, he appeared before the justice and withdrew his application for an appeal, and made a motion, supported by an affidavit and oral testimony, given before the justice, to set aside the judgment and grant a rehearing of the case. This application was granted by the justice, and the 14th day of March, 1874, fixed for the re-trial of the case of which the justice gave due notice to the plaintiff. The plaintiff had no notice of the application to set aside the judgment. At the time of making his application to set aside the judgment, the defendant filed an answer denying generally all the allegations of plaintiff's petition, and pleading a counter-claim against the plaintiff.

The ruling of the justice in granting the rehearing was the alleged error in the circuit court, and the action of the latter in sustaining the ruling of the justice is the ground of complaint in this court.

I. Section 3543 of the Code provides that "judgment dismissing the cause, or by default, may be set aside by the

justice at any time within six days after being rendered, if
the party applying therefor can show satisfactory
excuse." There is no room for doubt as to the
character of the judgment in the case. It is a judgment by
default. The defendant had applied for a change of venue the
day prior to the return day of the notice, but he neither
appeared nor filed any pleading on the day of the trial before
Justice Bacon. No other judgment could be properly ren-
dered against him than a judgment by default. Code, section
2869; *McFarland v. Lowry*, 40 Iowa, 467. It was held in
the case cited that when a defendant appears in an action
before a justice of the peace and fails to plead, judgment *by
default* is entered against him, and that on appeal to the Cir-
cuit Court the defendant may there plead to the action. See
Code, section 3596. The justice, therefore, had power to set
aside the judgment by default under the section of the Code
above set out, and, under section 3544, he was authorized to
fix a new day for the trial, and notify the plaintiff thereof.

*1. JUDGMENT: practice : default.*

No notice is required to be given of the application to set
aside the judgment by default. *Stivers v. Thompson*, 15
Iowa, 1.

II. It is next urged that the defendant could not apply
for, and the justice could not grant, an order setting aside the
judgment after an appeal had been taken and
bond filed. If the papers with the justice's tran-
script had been sent up in pursuance of the
appeal and filed in the Circuit Court, it might be doubtful
whether or not the defendant could have the judgment set
aside by an application to the justice for that purpose. But
in this case, the application was made the next day after the
appeal was taken, before the justice had certified or sent the
case up, and the defendant expressly withdrew his appeal.
Whether he could, by so doing, withdraw the appeal bond so
as to deprive the plaintiff of the security it afforded, we need
not determine, since that question is not involved in the case.
But we do think that the appeal may be withdrawn as it was
done in this case. There is certainly no stage in an action
when a party may not stop proceedings instituted by him,

*3. ——: when judgment may be set aside.*

and waive the right to proceed further. After having withdrawn his appeal he could properly make his application to set aside the judgment rendered against him by default.

III. It is next urged by appellant's counsel that the showing made by the defendant on his application to set aside the judgment was insufficient to justify the action of the justice.

It was held in *Stivers v. Thompson*, 15 Iowa, 1, that the Supreme Court will not interfere with an order of this kind, made by a justice of the peace, if made within the time prescribed by law, unless in a case of clear abuse of the discretion reposed in the justice. We are unable to find that there was any such abuse of discretion in this case

4. ___: ___: discretion.

AFFIRMED.